# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00387-CV

**Miguel A. Gonzalez, Appellant**

**v.**

**Michael A. Magana, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 3 OF BELL COUNTY
### NO. 73600, HONORABLE RICK MORRIS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In four issues, Miguel Gonzalez appeals from a summary judgment in favor of Michael Magana, his former attorney, in a suit involving Magana's representation of Gonzalez in a criminal proceeding. We will affirm.

## BACKGROUND

Gonzalez hired Magana to represent him in a criminal proceeding.[1] Gonzalez pleaded guilty to and was convicted of a felony offense. In this Court, Magana later filed an *Anders* brief and a motion to withdraw on Gonzalez's behalf. *See Anders v. California*, 386 U.S. 738, 744 (1967). Gonzalez then contacted this Court and complained that he had terminated his attorney-client relationship with Magana and that Magana had filed the *Anders* brief after Gonzalez had

---

[1] Although the record contains a document that Magana claims to be a copy of a written contract between the parties, Gonzalez disputes the authenticity of that document and asserts that the parties only entered into an oral agreement.

terminated him. Magana filed a response recommending that the Court strike the brief and also filed a modified motion to withdraw. This Court granted Magana's motion to withdraw and struck the *Anders* brief. We ultimately affirmed Gonzalez's conviction.[2]

In May 2012, Gonzalez brought this suit against Magana. In his pro se petition, Gonzalez alleged that Magana breached their contract for legal services by: (1) forging Gonzalez's signature on two legal documents (the contract for legal representation and a statement asserting that Gonzalez was satisfied with Magana's services); (2) failing to return Gonzalez's personal property taken by an investigator; (3) failing to withdraw after Gonzalez notified Magana that he was terminated; and (4) filing an unauthorized pleading in this Court after being terminated. Magana filed a no-evidence motion for summary judgment, which the trial court granted. This appeal followed.

## STANDARD OF REVIEW

We review a trial court's grant of summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When, as here, a trial court grants summary judgment but does not specify the grounds for granting the motion, we must uphold the judgment if any of the grounds asserted in the motion and preserved for appellate review are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). In reviewing a trial court's ruling on summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve all doubts in the nonmovant's favor. *Id.*

---

[2] *Gonzalez v. State*, No. 03-11-00282-CR, 2012 WL 2382525, at *1 (Tex. App.—Austin June 22, 2012, pet. ref'd) (mem. op., not designated for publication).

A no-evidence motion for summary judgment is a motion asserting that there is no evidence of one or more essential elements of a claim or defense on which the nonmovant would have the burden of proof at trial. *See* Tex. R. Civ. P. 166a(i). A no-evidence summary judgment is properly granted when "(a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). "Thus, a no-evidence summary judgment is improperly granted if the nonmovant brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact." *Id.*

Finally, although we construe pro se pleadings and briefs liberally, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.—Dallas 2008, no pet.) (citing *Mansfied State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978)). To do otherwise would give pro se litigants an unfair advantage over litigants represented by counsel. *Mansfield*, 573 S.W.2d at 185.

## DISCUSSION

Gonzalez's petition clearly states that his suit is for breach of contract and not for any tort.[3] To prevail at trial on a breach-of-contract claim, Gonzalez must establish that: (1) a valid

---

[3] Although some of Gonzalez's claims appear to sound in tort rather than contract, Gonzalez has insisted throughout this litigation that his allegations do not constitute tort claims. Prior to filing his motion for summary judgment, Magana filed a motion to dismiss arguing that Gonzalez's allegations actually sounded in tort and that, as a result, Gonzalez's claims were barred by the *Peeler*

3

contract existed between the parties; (2) Gonzalez had performed; (3) Magana breached the contract; and (4) Gonzalez was damaged as the result of Magana's breach. *See C.W. 100 Louis Henna, Ltd. v. El Chico Rests. of Tex., L.P.*, 295 S.W.3d 748, 752 (Tex. App.—Austin 2009, no pet.) (listing elements of breach-of-contract claim).

In his motion for summary judgment, Magana admits that he and Gonzalez entered into a contract for Magana to represent Gonzalez in a criminal proceeding. However, he contends that Gonzalez has presented no evidence that Magana's alleged actions breached the terms of their agreement.

We agree that Gonzalez has not presented any evidence that Magana failed to provide legal services as required by the contract or otherwise breached the terms of their agreement. Indeed, Gonzalez has presented no evidence of what the terms of the alleged oral contract were, so we cannot evaluate whether Magana breached his obligations to Gonzalez.

We also briefly note additional reasons why Gonzalez's claims must fail. Gonzalez alleges that Magana forged his signature on two documents, but he has failed to explain how these alleged forgeries harmed him or benefitted Magana. Gonzalez has not pointed to any terms in the

---

doctrine. *See Peeler v. Hughes & Luce*, 909 S.W.2d 494, 495 (Tex. 1995) (plurality op.) ("The public policy of this State dictates that Peeler's own conduct is the sole cause of her indictment and conviction. Consequently, without first establishing that she has been exonerated . . . Peeler cannot sue her attorney."). In his response to Magana's motion to dismiss, Gonzalez insisted that his claims were not barred by the *Peeler* doctrine because they sounded in contract, not in tort. Gonzalez has asked the trial court and this Court to interpret his allegations as breach-of-contract claims, and we will not now sua sponte recast his allegations as tort claims. *See Mansfied State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978) (pro se litigants should not "be given an unfair advantage over litigants represented by counsel"). Nevertheless, whether Gonzalez's claims sound in contract or in negligence, he has demonstrated no entitlement to relief.

written contract introduced by Magana that materially differ from the purported oral contract upon which Gonzalez bases his claims. Gonzalez also complains that an investigator took his personal belongings and failed to return them but has provided no evidence that would allow us to determine the nature of the relationship between Magana and the investigator. Therefore, Gonzalez has not demonstrated that Magana can be held liable for the investigator's actions. Finally, Gonzalez alleges that Magana continued to represent him after Gonzalez terminated their agreement. However, Magana did eventually withdraw and this Court struck the *Anders* brief Magana had filed, and Gonzalez has not demonstrated that Magana's actions prejudiced his appeal or otherwise harmed him.

Because Gonzalez has presented no evidence that Magana breached the terms of their contract for legal services and has not demonstrated that he is entitled to any relief, we overrule Gonzalez's four issues.

## CONCLUSION

Having overruled Gonzalez's issues on appeal, we affirm the trial court's grant of summary judgment.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed: August 18, 2015

5